Judgment of conviction and order reversed, and new trial granted.

---

FRANCIS B. MITCHELL, Respondent, *v.* NIAGARA, LOCKPORT AND ONTARIO POWER COMPANY and FRED D. COREY, Appellants.

Fourth Department, March 17, 1920.

**Deeds — suit to reform deed by changing description on theory that deed was procured by fraud — Statute of Limitations — evidence not establishing fraud — when specific performance of oral agreement to convey lands will not be decreed — Statute of Frauds.**

The six-year Statute of Limitations prescribed in the Code of Civil Procedure, section 382, subdivision 5, bars a suit in equity to reform a deed of real estate by striking out a portion of the lands included in the description, upon the ground that the plaintiff's signature to the deed had been obtained by fraud.

On all the evidence, *held,* that the plaintiff failed to make a case upon the merits which would justify a court of equity in decreeing a reformation of the deed as the evidence of fraud was not sufficiently clear, definite and convincing.

A court of equity cannot decree specific performance of a parol agreement to convey lands, where the vendee never went into possession but the lands have been conveyed to third parties and the Statute of Frauds has been set up as a defense.

APPEAL by the defendants, Niagara, Lockport and Ontario Power Company and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 12th day of September, 1918, upon the decision of the court rendered after a trial at the Monroe Special Term.

*Edward W. Hatch,* for the appellants.

*James M. E. O'Grady,* for the respondent.

PER CURIAM:

The complaint herein prays that the deed referred to be reformed by striking out the description of two small pieces of land, upon the ground that the defendants had procured the plaintiff's signature to such deed by fraud. The testimony of the plaintiff and the finding of the trial court were that the deed was procured by fraud committed at and prior to the time of the execution of said deed.

It clearly appears that the deed describes just the land that the defendants intended that it should convey. The fraud, if any, was committed in 1906. The power company went into possession of the land in 1906 and completed its power lines in 1907. The plaintiff knew that fact.

The defendants have pleaded the six-year Statute of Limitations (Code Civ. Proc. § 382, subd. 5). That provision of the statute applies and bars the action to reform the deed. On this appeal the respondent endeavors to avoid the effect of that statute by the argument that neither party intended to include in the deed the two parcels of land in question, and urges that such parcels were included in the deed by the engineers who made up the description and caused them to be described in the deed without the knowledge of either the plaintiff or the defendants. The respondent urges that the fraud was not in describing said parcels in the deed but in refusing to correct the error when it was discovered and in attempting to retain more land than was intended to be conveyed. No such theory was disclosed in the complaint or developed on the trial, and there is no evidence in the record to justify such theory. The action was barred by the statute.

We are not required, however, to base our decision upon that statute alone. The plaintiff failed to make a case upon the merits which would justify a court of equity in decreeing a reformation of the deed. The evidence of fraud, upon any theory, is not clear, definite and convincing, as is required in cases of this class.

We have no doubt but what there was an oral agreement made by the defendants to convey to the plaintiff some portion of the Smith property and, in fairness, such agreement should be carried out. We are unable, however, to find any way to sustain that part of the decree which awards specific perform-

ance and directs a conveyance from the defendants to the plaintiff of the Smith property. The agreement was oral and the plaintiff never went into possession of the property or did anything from 1906 until the commencement of this action in 1916. Meanwhile, the defendants had deeded part of the land to a third party and the State had appropriated a part thereof. Under such circumstances a court of equity is without jurisdiction to decree specific performance where, as in this case, the Statute of Frauds is pleaded.

That part of the decree which directs that steel towers be substituted in place of wood poles should be affirmed. There should be added, however, a provision allowing the defendants eight months from the entry and service of the decision herein within which to comply with that part of the judgment. The findings should be reversed and new findings made in accordance with this opinion. The judgment should be modified accordingly and, as modified, affirmed, without costs of this appeal to either party.

All concur.

Judgment modified so as to provide that the plaintiff is entitled to none of the relief demanded in the complaint, except that the defendants shall substitute steel towers in place of the wood supports, within eight months after entry and service of judgment upon this decision, and as so modified the judgment is affirmed, without costs of this appeal to either party. The findings of fact contained in the decision and numbered 4, 12, 19, 20, 21, 29, 36 and 38 are disapproved and reversed, and in lieu thereof this court finds and decides that the plaintiff failed to make out a cause of action in fraud by clear, convincing and satisfactory evidence, and particularly to establish by the greater weight of evidence that the plaintiff's signature to the deed was procured by fraud. The conclusion of law numbered XII is modified in accordance with the opinion. All the other conclusions of law are reversed, and in lieu thereof this court finds and decides that the plaintiff's complaint should be dismissed, without costs, in so far as it demands any other relief, and that in any event the six-year Statute of Limitations is a bar to the granting of any such further relief.